## ENOS GUNN *against* NOAH SCOVIL.

**MOTION** for a new trial.

This was an action of *indebitatus assumpsit*, for the rent of a house and piece of land.

It was stated in the declaration, that the defendant had been in the use and occupation of the land from the 1st day of *January*, 1800, to the 25th day of *February*, 1806. On the trial, the defendant claimed, that he had sold and delivered to the plaintiff a pair of oxen and a horse, and had furnished lumber, nails and other materials, which were used in building a house for the plaintiff; and had also performed services for the plaintiff, which, from the nature of the transactions between the parties, ought to be applied in payment of rent; but the defendant did not claim, that there was any particular agreement that the property delivered, and services rendered by him, should be paid for in rent, or should be set off against the rent.

The plaintiff contended, that the jury could not apply the defendant's claims in payment of rent, nor deduct the amount therefrom, unless an agreement to that effect was proved. But the court charged the jury, that the action being founded on an implied promise to pay rent, was to be governed by equitable principles; that the plaintiff was not entitled to recover, unless a debt was due to him in equity; and that they might consider the defendant's claim for the sale and delivery of property, expenditures and services, and apply the same on account of the rent, without an express agreement of the parties to make such application.

The defendant also read in evidence, the record of a judgment in favour of the plaintiff against him, in a subsequent action of ejectment for the same lands. The writ was dated on the 2d day of *March*, 1808, and the disseisin was laid on or about the 10th day of *December*, 1807. In that action, the plaintiff, upon the verdict of a jury, before the Superior Court, in *August*, 1810, recovered the seisin and possession

*In an action of indebitatus assumpsit, for use and occupation, a separate, independent claim for goods sold, &c. cannot be set off against the rent.*

*The record of a judgment in ejectment, wherein the seisin and possession of the land, and also damages, are recovered, is, of itself, inadmissible evidence in an action of indebitatus assumpsit between the same parties, for rent of the same lands, which accrued prior to the disseisin complained of.*

of the land in question, and one hundred and fifty-six dollars damages. This record was given in evidence to the jury, on the trial of the present action, without any proof whatever, that on the trial of the action of ejectment, the plaintiff attempted to shew a disseisin at any time prior to that laid in the declaration, or that the damages recovered in that action were given for the use and occupation of the land, during the period for which rent is claimed by the present suit, or any part of it, or what proportion of such sum was given for the use and improvement of the land, and what for damages, on account of the tort and disseisin.

The defendant contended, that the recovery of damages, in the action of ejectment, was a complete bar to the present action. On this point, the court charged the jury, that such recovery was not a conclusive bar, but that the jury might take into consideration the sum recovered, in the action of ejectment, in the estimation of damages.

Under such circumstances, the jury returned a verdict for the defendant ; and the plaintiff moved for a new trial, on the ground of a misdirection; and also, that the evidence offered by the defendant, was improperly admitted.

These questions were reserved for the consideration of the nine Judges.

*Staples* and *Denison*, in support of the motion, contended,

1. That the claims of the defendant, for property sold and delivered, expenditures and services, could not be set off against the rent, without an agreement of the parties to that effect. 6 *Bac. Abr.* 135. (*Gwil.* edit.) 1 *Selw.* 164. *Peake's Ev.* 253. *Dale* v. *Sollet,* 4 *Burr.* 2133.

2. That the evidence offered by the defendant, was inadmissible. *Birch* v. *Wright,* 1 *Term Rep.* 378, 386.

3. That the charge to the jury was incorrect.

*Daggett* and *N. Smith,* contra.

1. The plaintiff cannot recover, unless a debt be due to him in equity. It was proper for the jury to consider the claims of the defendant, and apply them in payment of the

rent. *Esp. Dig.* 167. *Bull. N. P.* 151. *Moses* v. *Macfer-lan*, 2 *Burr.* 1010. *Dale* v. *Sollet*, 4 *Burr.* 2133.

2. The evidence produced on the part of the defendant, was relevant to the issue ; the charge, therefore, was correct on both points. *Peake's Ev.* 36.

TRUMBULL, J. The action on implied *assumpsit*, is an equitable action. The sum only, which was justly due at the time of the promise laid in the declaration, can be recovered ; and the defendant is admitted to prove all equitable circumstances, which can avail him to lessen the sum demanded. But there must be such facts and circumstances as arose out of the transactions, which are the ground of the action, and form the consideration of the promise. The defendant can set up no separate, independent claim, nor can any set-off of mutual demands in equity be made in this action, with more propriety, than in any other claim at law.

It seems, that in the present case, the defendant contended, that although there was no particular agreement concerning the rent to be paid for the use of the land, or the application of the amount of the articles advanced, and services rendered, by the defendant, in payment ; yet, from the nature of the transactions, and the conduct of the parties, it appeared in evidence, that it was their understanding and agreement, that these mutual demands should be settled on a final adjustment of their accounts, and that the one should be applied in satisfaction of the other. If this were the case, it was solely in the province of the jury to find and decide it accordingly ; and the evidence of the fact ought to have been left to their consideration. Until that fact should be established, the law would not warrant them to apply those services and advancements in satisfaction for the use and occupation of the land.

The rent demanded in this suit, is for the use of the land from the 1st day of *January*, 1800, to the 25th day of *February*, 1806. The defendant produced in evidence, the record of a judgment, in favour of the plaintiff against him, in a subsequent action of disseisin for the same lands, by writ,

dated the second day of *March*, 1808, laying the disseisin on or about the 10th day of *December*, 1807 ; in which, the plaintiff, upon a verdict of a jury, recovered the seisin and possession, with one hundred and fifty-six dollars damages, before the Superior Court, at their session in *New-Haven*, in *August*, 1810. He contended, that this recovery was a conclusive bar to the present suit in *assumpsit*.

This record was produced to the jury, unattended with any evidence, either by confession of the party, or testimony of any of the jurors or judges who tried the action of disseisin, tending to shew, that the plaintiff attempted to prove a disseisin at any time prior to that laid in the declaration, or that the sum given in damages, was given for the use and improvement of the land, during the term comprised in the present suit, or any part of it, or what proportion of such sum was given in nature of rent, for the use of the land, and what for damages, on account of the tort and disseisin.

The record, of itself, was, *prima facie*, evidence that those damages were given for a disseisin and occupation of the land, at a time subsequent to the period comprised in the present suit. The evidence arising from it, was irrelevant, and the sum recovered could form no item for the consideration of the jury in their estimation of damages.

For these reasons, I am of opinion, that the charge was erroneous, and that a new trial ought to be granted.

MITCHELL, Ch. J., REEVE, SWIFT, EDMOND, SMITH, BRAINARD and BALDWIN, Js., severally concurred in this opinion.

INGERSOLL, J. having been of counsel in the cause, did not judge.

New trial to be granted.